UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PATRICIA ANN OGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-403-HBG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the consent of the parties [Doc. 16]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. The Plaintiff also filed a Reply Memorandum [Doc. 23]. Patricia Ann Ogle ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On April 20, 2012, the Plaintiff filed an application for disability insurance benefits and supplemental security income ("SSI"), claiming a period of disability which began April 9, 2012. Her claim of disability was based on "nerves, depression, hypertension, chest pain and colon problems" [Doc. 236]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing. On May 15, 2014, a hearing was held before the ALJ to review the

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

determination of Plaintiff's claim [Doc. 24-45].

After the hearing the ALJ secured the following additional evidence in the case: (1) consultative exam by Jeffrey Uzzle, M.D., on September 10, 2014; (2) consultative exam by Ellen Denny, Ph.D., on August 28, 2014; and (3) a vocational interrogatory, consisting of nine questions and answers, from Susan Thomas, vocational expert. The ALJ provided this evidence to the Plaintiff and her representative of record, Ken Butler, and properly advised the Plaintiff of her right to respond and/or submit to the ALJ written questions to be sent to Dr. Uzzle, Dr. Denny, or Ms. Thomas [Tr. 301-302; 309-310]. The Plaintiff responded by letter to the ALJ as to the exams by Dr. Uzzle and Dr. Denny [Tr. 304]. The Plaintiff responded by letter to the ALJ as to the interrogatory answers by Ms. Thomas. The Plaintiff requested that two additional "hypothetical" interrogatories be posed to Ms. Thomas which incorporate physical limitations found by Dr. Uzzle [Tr. 312]. The ALJ, however, did not submit Plaintiff's requested interrogatory to Ms. Thomas, although she acknowledged receipt of the request in her Decision [Doc. 17].

On February 2, 2015, the ALJ found that the Plaintiff was not disabled, because the Plaintiff could perform her past relevant work as a housekeeper [Tr. 10-18]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-3]; thus, the decision of the ALJ became the final decision of the Commissioner.

The Court has considered the medical evidence in the record, the testimony at the hearings, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

I.  **DISABILITY ELIGIBILITY**

This case involves an application for SSI benefits. To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C.

§ 1382(a); 20 C.F.R. § 416.202.  An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability.  See 42 U.S.C. § 1382(a).

"Disability" is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B); see also 20 C.F.R. § 4015.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

3

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Id. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility."  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits."  Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

In the present case, the Plaintiff argues that the ALJ violated her due process rights, and the Social Security Administration's own rules, by failing to submit her proposed interrogatory to the vocational expert, Susan Thomas.  The Defendant concedes that the "agency is bound to follow its own rules," but argues that the error by the ALJ was harmless.

The Plaintiff also argues that the ALJ should have included "pulmonary restrictions" and additional mental limitations in the RFC finding.  The Defendant responds that the ALJ fully addressed the issues and that the limitations in the RFC were based on substantial evidence.

Finally, the Plaintiff argues that the ALJ should have developed more evidence regarding Plaintiff's intellectual functioning.  The Defendant argues that the ALJ gave a proper evaluation in this regard, given that the Plaintiff did not allege disability based on intellectual functioning.

The Court will address these issues in turn.

### III. ANALYSIS

#### A. Vocational Expert Interrogatory

Citing to Hearings, Appeals, and Litigation Law Manual (HALLEX) §I-2-5-58(B), Action When Administrative Law Judge Receives Vocational Expert's Responses to Interrogatories, the Plaintiff argues that when post-hearing vocational evidence is obtained "an ALJ must allow a claimant to propose additional interrogatories to the VE or request a supplemental hearing to question the VE." See also SSR 13-2p (requiring that an ALJ must follow all Agency policies, including HALLEX). The Court agrees.

In the present case, after the hearing, the ALJ sent interrogatories to the vocational expert, Susan Thomas. The responses were sent to the Plaintiff, along with notice of Plaintiff's right to submit interrogatories. Plaintiff did submit an additional question for the vocational expert, based on the results of a consultative examination performed by Dr. Uzzle, which exam was performed after the hearing. The ALJ did not submit Plaintiff's question to the vocational expert for consideration.

Federal agencies are obligated to abide by their own rules. Wilson v. Commissioner of Social Security, 378 F.3d 541, 545 (6th Cir. 2004). Moreover, Wilson further holds that the "harmless error" analysis does not apply when the Agency has denied a mandatory procedural protection. Id. at 546; and Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011).

Simply stated, the Plaintiff has the right to cross-examine the author of expert opinions, particularly when the expert's evidence is obtained by the ALJ, post-hearing. Townley v. Heckler, 748 F.2d 109, 114 (2nd Cir. 1984) ("Although the ALJ asked appellant's attorney to submit objections and additions to the interrogatories posed to the vocational expert, there is no evidence that the attorney's suggestions were ever forwarded. [A]ppelant was denied his due process rights.

6

. .".).

The Court finds that the ALJ's failure to proffer to Ms. Thomas the additional question submitted by the Plaintiff deprived the Plaintiff of her fundamental right, under the Agency's own rules, to submit additional evidence through the vocational expert. The case must be remanded to correct this error.

      **B.**      **Lung Impairments and Plaintiff's Residual Functional Capacity**

In this case, the ALJ considered all of the evidence of record in formulating Plaintiff's RFC, and found that additional limitations based on lung problems were not warranted (Tr. 14-17). When applying for benefits, the Plaintiff did not allege disability from lung-related problems. The ALJ recognized Plaintiff's alleged limitations from her lung problems, including her allegations that she had difficulty performing any activities, for example, house cleaning (Tr. 14, 276). Physical examination in July 2012 showed oxygen saturation levels at 98% and examination of Plaintiff's lung was within normal limits (Tr. 54, 367). William Downey, M.D., concluded that although Plaintiff's COPD could cause some limitations, her allegations exceeded the objective findings, including the pulmonary function spirometry test and the recent physical examination (Tr. 54). He opined that given the objective findings, Plaintiff should be capable of performing medium work (Tr. 54). In February 2013, at the reconsideration level, Dr. Juliao affirmed Dr. Downey's discussion and conclusions without alteration or addition (Tr. 79-81).

The ALJ found that Dr. Downey and Dr. Juliao's opinions were consistent with the record as a whole, and the later evidence supports that conclusion (Tr. 16). In July 2012, Ogle's oxygen was again 98% with a normal lung examination (Tr. 367). Her breathing was unlabored and her chest movement symmetrical (Tr. 367). Similar findings were made in October 2012 (Tr. 441). On June 12, 2013, Plaintiff's oxygen level was 98%, and her breathing was again described as

unlabored, with symmetrical chest movement (Tr. 467). In July 2013, she reported no lung or respiratory complaints and continued to use her inhalers as prescribed (Tr. 465). In October 2013, her oxygen level was 99%, her examination was normal, and her treatment plan was unchanged (Tr. 463).

At her examination in September 2014, Plaintiff reported dyspnea on exertion with walking less than a block, but upon examination there were only a "few scattered rhonchi in both fields with fair to good air movement; otherwise, normal breath sounds" (Tr. 565). The Court finds that substantial evidence in the record supports those limitations included in Plaintiff's RFC (Tr. 14-17). The Court concludes that remand for further consideration of Plaintiff's lung impairments is not required.

### C.     Intellectual Functioning and Plaintiff's Residual Functional Capacity

The ALJ discussed Plaintiff's allegedly disabling mental impairments in the Decision (Tr. 14-17). In rating the degree of functional limitations under the "paragraph B" criteria, the ALJ determined Plaintiff had moderate restrictions in activities of daily living; moderate difficulties in social functioning; moderate difficulties in the ability to concentrate, persist, or maintain pace; and no episodes of decompensation of extended duration [(Tr. 13). The ALJ specified that the limitations identified by the "paragraph B" criteria were not an RFC assessment, and that the mental RFC would include a more detailed assessment that would itemize the various functions contained in the broad paragraph B categories (Tr. 14).

After determining that none of Plaintiff's impairments met or equaled the requirements of any listing, the ALJ formulated Plaintiff's RFC for use at step four (Tr. 12-14). The Court finds that the ALJ formulated Plaintiff's RFC based on her consideration of all of Plaintiff's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the

8

objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and SSRs 96-4p and 96-7p (Tr. 14). The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p (Tr. 14). With respect to Plaintiff's mental limitations, specifically her moderate limitations in concentration, persistence, or pace, the ALJ found that despite these limitations, Plaintiff retained the ability to do simple and detailed work (Tr. 14). With respect to her moderate limitations in social functioning, the Plaintiff was to interact with people very seldom and superficially (Tr. 14).

Expert opinion in the record provides substantial evidence to support the ALJ's RFC. In October 2012, Frank Kupstas, Ph.D., opined that Plaintiff could maintain concentration, persistence, and pace for low-level detailed tasks over a normal workday with appropriate breaks (Tr. 16-17, 55). That limitation accounted for both Plaintiff's moderate limitations in her ability to maintain attention and concentration for extended periods and her moderate limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 54-55). Dr. Kupstas noted Plaintiff's reports of her ability to perform many activities of daily living (Tr. 51, 247-54). He concluded that Plaintiff's allegations were credible and consistent with moderate limitations (Tr. 51). In February 2013, Jenaan Khaleeli, Psy.D., affirmed Dr. Kupstas opinion (Tr. 17, 107-112).

Plaintiff, however, argues that the opinion of Ellen Denny, Ph.D., showed that Plaintiff had severe impairments in concentration and that she likely functioned in the extremely low range of intellectual ability (Tr. 549, 551). Dr. Denny performed a psychological consultative examination of Plaintiff in August 2014, and opined that Plaintiff displayed a moderate to severe impairment in comprehension and judgment (Tr. 547), and that Plaintiff's ability to concentrate on work

9

routines was "likely to be quite impaired" (Tr. 551). Dr. Denny also opined that Plaintiff would have moderate impairments in her ability to understand, remember, and carry out simple instructions, as would her ability to make judgments on simple work-related decisions (Tr. 551).

The ALJ found that Dr. Denny's opinion was entitled to less weight, based on her evaluation that the record as a whole supported no more than moderate restrictions in Plaintiff's ability to sustain concentration and attention and adapt to changes and requirements (Tr. 16). The Court finds that the ALJ reasonably evaluated the medical opinions in formulating the RFC. Although the ALJ was not required to provide "good reasons" for affording less weight to the opinion of Dr. Denny, her decision reflects that she properly evaluated the opinion using the relevant factors in 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). She recognized that the doctors reached different conclusions and resolved these conflicts as directed by the regulations. Although Plaintiff argues that the RFC limitation did not sufficiently account for all of her limitations, Dr. Kupstas specified that the Plaintiff's ability to maintain concentration, persistence, and pace for low-level detailed tasks over a normal workday with appropriate breaks accounted for both her moderate limitations in her ability to maintain attention and concentration for extended periods and her moderate limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 54-55). Substantial evidence supports the ALJ's conclusion that the Plaintiff retained the ability to do simple and detailed work.

Plaintiff also argues that the ALJ erred in failing to follow Dr. Denny's recommendation for further intellectual testing. Plaintiff argues that such testing could establish the existence of a medically determinable impairment, such as mental retardation or borderline intellectual functioning. Plaintiff, however, did not allege such an impairment, and there is little evidence in the record to support it. The ALJ did not err in failing to evaluate a condition that Plaintiff did not

10

raise as potentially disabling. The Court concludes that remand for further evaluation of Plaintiff's mental impairments is not required.

## IV.    CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 17**] be **GRANTED in part and DENIED in part**, and the Commissioner's Motion for Summary Judgment [**Doc. 19**] be **GRANTED in part and DENIED in part**, and that this matter be **REMANDED** for further proceedings consistent with this opinion.

ORDER ACCORDINGLY.

                                  ENTER:

                                  *Bruce Guyton*
                                  United States Magistrate Judge